# Staunton.

## BALTIMORE AND OHIO RAILROAD COMPANY v. KOONTZ, TREASURER.

### September 20th, 1883.

1. CONSTITUTION—*Counties—Taxation—Railroads*—County authorities are not authorized by the constitution of this state, independent of the action of the legislature, to assess railroad or other property for taxation and county levies upon it.

2. LEGISLATURE—*Counties—Taxation—Railroads.*—By Acts 1879-'80, chapter 106, section 1, the legislature, for the first time, empowered the supervisors to levy a tax on the real estate of railroad companies, whose roads pass through their county, prescribing that such tax should be equal to the tax imposed upon other property for county and school purposes, and based upon the assessment per mile of the same property made by the state for its purposes.

3. STATE ASSESSMENT—*County levy—Ultra vires.*—For the purposes of state taxation for 1881, no assessment was made on railroads until September 28th, 1881, when the railroads in the county of S. were assessed by the board of public works at $15,000 per mile. Consequently the assessment at $5,000 per mile of those railroads, made July 25th, 1881, by the supervisors of that county, and the levy of taxes thereon for that year, was *ultra vires* and void.

4. IDEM—*Idem—Subsequent assessment and levy.*—But the assessment made April 17th, 1882, by the supervisors of S. county, of the railroads therein, at $15,000 per mile, and the levy of taxes thereon for 1881, was made in pursuance of law, and was valid.

5. BOARD OF SUPERVISORS—*Special meetings.*—Acts 1878-'9, chapter 56, section 4, provides for special meetings of the board; and chapter 58, section 6, directs the board at the meeting in July of each year, *or as soon thereafter as practicable,* to order a levy upon all property assessed with state taxes within the county.

Appeal from decree of circuit court of Shenandoah county,

rendered September 15th, 1882, in a suit wherein the Baltimore and Ohio Railroad Company was plaintiff, and George W. Koontz, treasurer of said county, was defendant.

At their regular meeting on 25th July, 1881, the board of supervisors of Shenandoah assessed and taxed for county and school purposes, for the year 1881, the Strasburg and Harrisonburg branch, the Winchester and Harrisonburg branch, and the Virginia Midland branch, of the Baltimore and Ohio railroad, at $5,000 per mile, for the thirty-two, three, and two miles they respectively pass through the county, thirty-five cents per mile, and their depots, &c., at $8,000, thirty-five cents per $100; making an aggregate tax of $675.50.

The state assessment of those railroads for its purposes had not then been made. The board of public works made the assessment on 28th September, 1881, as of 1st February, 1881, for the state taxes thereon for that year.

The Baltimore and Ohio Railroad Company paid the taxes so assessed and levied to the said Koontz, as such treasurer.

Afterwards, the treasurer having been notified by the auditor of public accounts in December, 1881, of the assessment made by the board of public works of those railroads at $15,000 per mile, called the attention of the board of supervisors of his county to that fact, and on 17th April, 1882, that board ordered the treasurer to collect taxes for county and school purposes for the year 1881 from the Baltimore and Ohio Railroad Company on its said branches, assessed at $15,000 per mile, and on the said depots, &c., assessed at $8,000, at the same rate, making an aggregate of $1,975.50 on the whole, but to give credit for $675.50 already paid on same. Accordingly, the treasurer levied on engine No. 352, the property of the company found in his county. Whereupon, the company obtained an injunction from the circuit judge of Shenandoah, restraining the treasurer from further proceedings until further order. The defendant answered. Upon hearing the cause, the single question was submitted: " Was it competent for the board of supervisors to

order the levy of April 17th, 1882, after the treasurer had collected the tax on the said railroad levied for by the board on the 25th July, 1881, as in the bill and proceedings mentioned?" Answering that question affirmatively, the circuit court dissolved the injunction with costs. From this decree the said company obtained an appeal and *supersedeas.*

*Sheffey & Bumgardner,* for the appellant.

*Henry C. Allen,* for the appellee.

FAUNTLEROY, J., delivered the opinion of the court:

The record of the proceedings had in this cause in the circuit court discloses, that the board of supervisors of Shenandoah county, at their regular annual meeting, held on the 25th of July, 1881, as authorized by law (Session Acts 1878–9, page 298, section 6), proceeded to make their regular annual general levy for county purposes, and levied a tax upon the real and personal property, lying within the limits of Shenandoah county, belonging to the Strasburg and Harrisonburg railroad, the Winchester and Strasburg railroad, and the Virginia Midland railroad—the said railroads being operated and held by the Baltimore and Ohio railroad company, under a lease for ninety-nine years, renewable forever—and fixed the rate of assessment upon the said property of the said railroads at $5,000 per mile. This action of the board of supervisors of Shenandoah county was thus taken prior to the assessment of said railroads by the board of public works, as of the 1st day of February, 1881, which said assessment was made on the 28th of September, 1881, and fixed the value of the said real and personal property of the said railroads at $15,000 per mile instead of $5,000 per mile.

At a called meeting of the board of supervisors of Shenandoah county, held in the courthouse April 17th, 1882, it was

"Ordered, that the county treasurer of Shenandoah county collect from each of the railroads within the said county the sum of fifteen cents on each $100 for county purposes, ten cents for county school, and ten cents for district school purposes, and ten cents for road purposes, which said amounts are hereby assessed upon the roadway and track, depots, depot-grounds, and lots and station-buildings of the railroad companies, as follows: Strasburg and Harrisonburg railroad, thirty-two miles, at $15,000 per mile, $480,000; depots, depot-grounds, lots, station-grounds, &c., $3,000. Winchester and Strasburg railroad, three miles, at $15,000 per mile, $45,000. Virginia Midland railroad, two miles, at $15,000 per mile, $30,000; depots, depot-grounds, station-buildings, lots, &c., $500. It is further ordered, that the county treasurer of Shenandoah county give credit to said railroad companies for the amount received by him from the same, respectively, under said order of July 25th, 1881, as aforesaid, in making his collections from them under this order."

The execution of the last aforesaid order was resisted by the complainants, who filed their bill, praying that George W. Koontz, treasurer of Shenandoah county, and all other persons, should be restrained from all proceedings under the said order until the further order of the circuit court, and an injunction was awarded, according to the prayer of the bill, by the judge of the said circuit court of Shenandoah county.

To this bill of complaint exhibited against George W. Koontz, treasurer of Shenandoah county, by the Baltimore and Ohio Railroad Company, in the circuit court of Shenandoah county, he filed his demurrer and answer.

At the September term, 1882, the cause came on to be heard upon the motion of the defendant to dissolve the injunction; the parties agreeing to submit the naked question to the court, whether it was competent for the said board of supervisors to order the levy of April 17th, 1882, after the aforesaid action of the said board at the meeting of July 25th, 1881, and after the

treasurer of said county had collected the tax levied on the said railroad at that said meeting of July 25th, 1881.

Upon this submission, the circuit court was of opinion that the levy of April 17th, 1882, was a valid and legal levy, and dissolved the injunction theretofore granted, and dismissed the bill of complainants with costs. From this decree of the circuit court of Shenandoah county an appeal is had to this court, and the simple question presented by the record is, whether the board of supervisors of Shenandoah county had the right to order the levy of April 17th, 1882?

The Constitution of Virginia, article ten, section one, provides that "taxation, except as hereinafter provided, whether imposed by the state, county or corporate bodies, shall be equal and uniform, and all property, both real and personal, shall be taxed in proportion to its value, to be ascertained as prescribed by law."

This court, in the case of the *Virginia and Tennessee Railroad Company* v. *Washington County,* 30 Gratt. 471, held that the board of supervisors of the different counties had no authority to assess the property of railroads within their limits for taxation, as no provision had been made for such assessment by law. After this decision, the legislature, by the act of February 27th, 1880, provided for the taxation of railroad companies by counties for county and school purposes, "based upon the assessment per mile of the same property made by the state for its purposes." Acts 1879–'80, chapter one hundred and six, page 82.

Under the acts of March 27th, 1876, as amended by the acts of March 13th, and March 20th, 1877, the value of the railroads was assessed for taxation for state purposes as of the first day of February, 1881, on the 28th day of September, 1881; and the statement of the amount of this assessment was published by the auditor of public accounts on the 22d November, 1881, as being at the rate of $15,000 per mile. By the constitution and laws of Virginia, the boards of supervisors of the different counties, in making their assessments for county purposes for the tax-year beginning on the fourth Monday of July, 1881, were

bound to base their assessment upon the assessment per mile of the same property made by the state for state purposes as of February 1, 1881. The assessment of railroads for the purposes of state taxation for the year 1881 was delayed until September 28th, 1881; and consequently the assessment of $5,000 per mile, made at the meeting of the board of supervisors July 25th, 1881, was *ultra vires*, being in the teeth of the constitution and laws, and therefore void. The law of Virginia, Acts of Assembly 1878–'9, chapter fifty-six, section four, provides for *special* meetings of the board of supervisors; and by the sixth section of chapter fifty-eight of Acts 1878–'9, the board of supervisors of each county, at the meeting in July of each year, "*or as soon thereafter as practicable,*" are required to order a levy upon all property assessed with state taxes within the county for county and school purposes, and to fix the said assessment upon the basis of the valuation per mile of the railroads as ascertained by law.

We are of opinion that the levy upon the property of the complainants, made by the board of supervisors of Shenandoah county by the order of the 17th April, 1882, for the year 1881, for the purposes set forth in the said order, was a valid order, and was a proper and legal exercise of their power and duty under the law, and that the property of complainants was liable for the taxes assessed against them as aforesaid; and that the circuit court did not err in dissolving the injunction and dismissing the bill of complainants. The said decree of the circuit court, complained of by the appellants, is right, and must be affirmed.

DECREE AFFIRMED.