# 𝕽𝖎𝖈𝖍𝖒𝖔𝖓𝖉.

PRINCE GEORGE CO. V. A. M. & O. R. R. CO.

January 8th, 1891.

1. TAXATION OF RAILROADS—*Right to levy.*—Act of February 27th, 1880, took effect from its passage, and empowered the board of supervisors of a county to levy on a railroad a tax for the tax year beginning on the fourth Monday in July of that year. Acts 1879–80, ch. 106, p. 32.
2. COUNTIES—*Suits against.*—Where board of supervisors "refused" to act upon a claim presented under Code, sec. 844, claimant may sue the county under sec. 843.
3. APPELLATE JURISDICTION—*Recovery of illegal taxes.*—Where right of county to levy taxes is involved, this court hath, under Va. Constitution, art. 6, sec. 2, jurisdiction of an appeal in an action to recover a tax of less than $500 illegally collected.

Error to judgment of the circuit court of the city of Petersburg, rendered June 11th, 1889, in an action wherein the Atlantic, Mississippi and Ohio Railroad Company was plaintiff, and the county of Prince George was defendant. The judgment being adverse to the county, it brought the case here on appeal. Opinion states the case.

*Dorman & Hamilton,* for the plaintiff in error.

*Geo. S. Bernard,* for the defendant in error.

LACY, J., delivered the opinion of the court.

The defendant in error corporation, in the year 1880, owned

property situated in the county of Prince George, which was assessed with taxes by the said county, upon the said property, which the said corporation duly paid, and took a receipt therefor, through its proper officer, paying to the proper officer of the county of Prince George, on the 26th day of January, 1881. The said corporation being then in court, and in the hands of a receiver, the said payment was reported by him to the court, and then approved. And, the corporation concerns being duly wound up, a new corporation took its place, and is known as the Norfolk and Western Railroad Company, and it is for the benefit of this latter corporation that this claim is now made in this suit; which is, that the county of Prince George was not authorized by law to assess, levy, and collect this tax for the year 1880, under the act of February 27th, 1890, authorizing such action—not through any defect in the authority or the law, but because it was followed and obeyed too soon by the said county; in the warm language. of the counsel for the defendant in error, "in hot haste."

The said corporation, in a little less than five years, applied to the board of supervisors of Prince George county to refund this money so paid in 1881 as taxes for 1880; and, the board refusing to act on the claim, suit was instituted in the circuit court of Prince George county against the said county of Prince George to recover the said amount; which suit was subsequently removed to the circuit court of Petersburg by consent. The suit was for $546, while the judgment was for $409.50, which amount was obtained by deducting the county school taxes from the total amount claimed in the suit. The reason for this does not appear. The fact is conceded in argument, but we are not favored with any reason for the conclusion, that the county of Prince George must refund the county levy for general purposes and not for county school tax. Why one assessment was legal and the other illegal, we are not informed in any opinion of the court, nor in any argument.

The judgment was rendered by the court, a jury being

waived, and the county of Prince George duly excepted, and applied for and obtained a writ of error to this court.

When the defendant in error determined to demand re-payment of the tax, which it had paid to the county of Prince George several years, without protest or objection, as required by section 844 of the Code of Virginia, its claim was presented to the board of supervisors of said county for allowance. The said board refused to act on it, and this action was instituted in the circuit court of the said county..

The said board entered an order to the following effect: "The board refused to act upon the claim so presented to them"; which order is copied and certified in the record.

Section 838 of the Code of Virginia provides that when a claim of any person against any county is disallowed, in whole or in part, by the board of supervisors, the person may appeal to the county court, &c.

In this case no appeal was taken, as we have seen; but suit brought in the circuit court of said county.

Section 802 of the Code of Virginia provides that counties may be sued in their own name, under the provisions of section 843, *supra*—that is, by appeal under section 838, *supra*—when the claim duly presented to the board of supervisors has been rejected in whole or in part by the said board; and such disallowance shall be final, and a perpetual bar to any such claim, unless an appeal be taken, or the board consent to the institution of an action against the said county. "*Provided, however,* That when the board of supervisors shall refuse or neglect to act upon any claim duly presented to them, this section shall not be so construed as to prevent the institution of an action by such claimant."

And it is contended, by reason of this provision and of the order of the said board, by which it appeared that the said board refused to act on the said claim, that authority to institute this action in the circuit court was obtained, and that this takes this case out of the operation of sections 844 and 838,

*supra*, and distinguishes it from the cases of *Botetourt County* v. *Burger*, 86 Va., 530, and *Fry* v. *County of Albemarle, Id.*, 195, which hold that a county, being a part of the sovereign power, a political sub-division of the State, cannot be sued except by authority of a statute giving a right to such suit in such cases; and while the order of the board, ordering that action on the claim be refused, might be construed rather as a rejection of the claim than a *refusal or neglect* to act, such as the law refers to, still in this case this order is more reasonably to be considered as a consent by the board to the bringing of the action, as the usual words "disallowed or rejected" are substituted by the word "refuse," when the statute provided that when the said board refused or neglected to act on any claim, that nothing in that section (843) should be construed so as to prevent the institution of an action by the claimant.    But this case is distinctly ruled upon the merits by the case, in this court, of *Baltimore and Ohio R. R.* v. *Koontz*, 77 Va., 698, and also the case of *Shenandoah Valley R. R.* v. *Supervisors of Clarke County*, 78 Va., 269, 281.

In the former case Judge Fauntleroy said: "The Constitution of Virginia, Art. X., sec. 1, provides that taxation, except as hereinafter provided, whether imposed by the State, county, or corporate bodies, shall be equal and uniform; and all property, both real and personal, shall be taxed in proportion to its value, to be ascertained by law."

This court, in the case of *The Virginia and Tennessee R. R. Co.* v. *Washington County*, 30 Gratt., 471, held that the boards of supervisors of the different counties had no authority to assess the property of railroads within their limits for taxation, as no provision had been made for such assessment by law.

After this decision the Legislature, by the act of February 27, 1880, provided for the taxation of railroad companies by counties, for county and school purposes, based upon the assessment per mile of the same property made by the State for its purposes.    Acts 1879–'80, ch. 106, p. 82.

Under the acts of March 27th, 1876, as amended by the acts of March 13th and March 20th, 1877, the value of the railroads was assessed for taxation for State purposes as of the first day of February, 1881, on the 28th day of September, 1881. And the statement of the amount of this assessment was published by the auditor of public accounts on the 22d of November, 1881, as being at the rate of $15,000 per mile. By the Constitution and laws of Virginia, the boards of supervisors of the different counties, in making their assessment for county purposes for the tax year beginning on the fourth Monday of July, 1881, were bound to base their assessment upon the assessment per mile of the same property made by the State, for State purposes, as of February 1st, 1881.

And in the case of *Shenandoah Valley R. R. Co.* v. *Supervisors of Clarke County, supra,* the foregoing decision was cited and followed, and the said act of February 27th, 1880, sustained as valid and constitutional, and also the act of 1876–'77, as to the assessment of the property of railroads for State purposes.

The act of February 27th, 1880, took effect from its passage, and was, consequently, in operation before the fourth Monday in July of that year, and the board of supervisors did not transcend their powers by giving it effect in that county for that year, but acted in accordance with plain duty. The tax was properly levied and properly paid, and the defendant in error has no valid claim whatever to recover it back. The board of supervisors properly refused to allow such claim, and the circuit court of Petersburg plainly erred in rendering judgment against the county for the said claim, or for any part of it.

It is true that, by a disallowance of a part of the claim by the said circuit court, the amount involved was brought below the jurisdictional amount of $500, necessary to give this court jurisdiction where the matter in controversy is merely pecuniary; but the jurisdiction of this court, under second section

of Article VI. of the Constitution of Virginia, is clear, because the right of a county to levy taxes is involved.

For the reasons stated, the said judgment of the said circuit court of Petersburg is reversed and annulled; and such order will be entered here as the said circuit court should have entered, and the action of the plaintiff be dismissed, with costs.

JUDGMENT REVERSED.