## Staunton.

### BERTHA ZINC CO. AND ALS. V. BOARD OF SUPERVISORS OF PULASKI COUNTY.

#### September 17th, 1891.

ROAD TAX—*Power to levy.*—Act of February 22, 1890, repealed the general law so far as it authorized the board of supervisors of Pulaski county to levy a road tax on property in the town of Pulaski, and after the passage of that act, the board had no power to levy such tax for the tax year beginning on the first Monday of July, 1889, and ending the first Monday of July, 1890.

Appeal from decree of circuit court of Pulaski county, rendered April 3d, 1891, in the cause wherein the Bertha Zinc Company and others, citizens and tax-payers of the town of Pulaski, in said county, in behalf of themselves and other tax-payers of said town, were complainants, and the board of supervisors of said county was defendant. Decree being adverse to complainants, they appealed. Opinion states the case.

*Brown & Moore*, for appellants.

*D. S. Pollock*, for appellee.

LACY, J., delivered the opinion of the court.

The bill in this case was filed by the Bertha Zinc Company, L. S. Calfee, M. H. Calfee, Thomas Jones, James W. Lyons, J.

E. Moore, and R. M. Brown, citizens and tax-payers of the town of Pulaski, Pulaski county, Virginia, in behalf of themselves and the other tax-payers of the said town who are similarly aggrieved, setting forth that, in the month of May, 1890, the board of supervisors of said county made an assessment and levy of fifteen cents on the $100 of property—on the $100 in value of all the real estate and personal property of all the tax-payers of said town—for road purposes; and that on the 5th day of April, 1890, the town council of the town of Pulaski enacted an ordinance making an assessment of ten cents on the $100 of personal property for road purposes; that the county of Pulaski, in May, 1890, levied this tax for road purposes upon the property holders of Pulaski town, as a part of the Dublin magisterial district of said county, and on the 5th day of April, 1890, the town of Pulaski levied a tax for road purposes upon the property holders of the town; that this tax, levied by the board of supervisors of Pulaski county for road purposes—that is, for working and keeping in repair the roads of Dublin magisterial district of said county—was illegal and in violation of law so far as it was levied upon the property holders of the town of Pulaski as a part of said road-district of said county, because, before the assessment and levy of the said tax upon the property holders of the said town, the legislature had taken the said town out of the said road-district, and by an act approved February 22, 1890, and in force from its passage, among other things, had provided that " the corporate limits of said town are hereby created and declared to be a separate and distinct road-district of Pulaski county, and no road-tax shall be levied on any property within said limits except by the council of the town of Pulaski, which tax shall be expended within the limits of the corporation, on the streets and roads therein, and under the direction and supervision of said council." Acts 1889–'90, ch. 336, pp. 570, 572, § 9. The board of supervisors of said county demurred and answered, alleging that in the month of May, 1890, it did

make an assessment and levy of fifteen cents on the $100 in value of all real and personal property of the county, including the tax-payers of the Dublin magisterial district, of which the town of Pulaski formed a part, as a road-tax, to be applied to the said district road purposes for the year 1890, and that under said assessment and levy complainants were assessed, and levies extended upon the land and property books of the said county, and tax-tickets issued therefor, as set out in complainant's bill; but denying that said assessment and levies for a road-tax, as to the tax-payers of the town of Pulaski, are illegal and void, or that the town of Pulaski was not in the Dublin magisterial district, as asserted in the complainant's bill; that the said act of February 22, 1890, did not apply to the assessment and levy authorized by law to be made by the board of supervisors annually on the fourth Monday in July of each year, or as soon thereafter as practicable, for the ensuing tax year, beginning on the fourth Monday in July; that the assessment for the tax year beginning on the fourth Monday in July, 1889, and ending on the fourth Monday in July, 1890, could not be made on the fourth Monday in July, 1889, but was made as soon thereafter as practicable, to-wit: in the month of May, 1890; and that, although the said act was passed on the 22d day of February, 1890, and was in force from its passage, yet that it was not the intention of the general assembly to take away respondent's right, already accrued, to make said assessment and levy for the tax year beginning on the fourth Monday in July, 1889; and that the intention of said act was only to deprive respondent of the right to assess and levy a road-tax on the property in the town of Pulaski *for any tax year ensuing after its passage.*

At the hearing the circuit court dissolved the injunction which had been awarded on the bill of the plaintiffs, and dismissed the bill, with costs. Whereupon the plaintiffs applied for and obtained an appeal to this court.

There is but one question in this case, and that is, when did

the act of February, 1890, become effectual to erect the corporate limits of the town of Pulaski into a separate and distinct road-district of Pulaski county, in which no taxes for road purposes, except by the town council of the said town of Pulaski should be assessed and levied.   It is conceded on both sides, of course, that the act in question was in force from its passage.   But the controversy is as to its effect when applied to the subject which it concerns.   The appellee contends that, as the measure was enacted in the midst of the tax-year, and that the authority of the board of supervisors having attached for that year, the said board having lawful authority to act on the fourth Monday of July, 1889, or as soon thereafter as practicable, it was competent for the said board to act on the first day when the authority began, or on any subsequent day of the year; and that when that action was had at any time during the year, *when it might lawfully be had*, it related back and was effectual from the first day; and so that, in contemplation of the law, when the act of February, 1890, was enacted it was subject to this action of the board of supervisors *already had* under the law; and a number of cases are cited by the learned counsel for the county to support this view.   *B. & O. R. R. Co.* v. *Koontz*, 77 Va. 698; *Prince George Co.* v. *A. M. & O. R. R. Co.*, 87 Va. 283.   It is conceded by the appellants that the power existed by the general law to assess and levy, not only on the fourth Monday in July, but, not being done then, as soon thereafter as practicable, during the tax year.   But their contention is that this power to assess and levy taxes upon the property in the corporate limits of the town of Pulaski, as a part of the Dublin magisterial district of Pulaski county, under the general law, was taken away on the day the act of February 22, 1890, became a law; that the power of the board derived under the general law, as to this town, was extinguished by the new law, which repealed as to that the former law; and that on the 17th day of May, 1890, when the board of supervisors of the county assessed and

levied a road tax upon the property of the town, there was in force in Virginia no law under which the act could be held to be lawful; that this act might have been performed at any time during the tax year when it might lawfully be done, and it would be valid as if done on the fourth Monday in July.

I think the latter is the correct view. Under our constitution the legislature is vested with all legislative authority. The law under which the board of supervisors make their assessments and lay their levies is of force and effect because it is the expression of the legislative will. It was enacted by the legislature, and is in force so long as it is unrepealed. The act of February 22, 1890, repeals the former law so far as it applies to the subject in hand. Its provisions are plain and explicit; the effect of construction has no place in the matter. It leaves no room for doubt. It divests the county board of supervisors of all power in the premises, and provides a tribunal to lay the tax and to disburse it. What the board did, or may have done, before the passage of the act, or what would have been the effect of an act done before its passage, is not the question arising for decision here.

The question raised is whether the board of supervisors could lawfully assess and levy a tax upon this property, situated in this town, after an act of assembly had gone into effect depriving them of the power. It was the duty of the board, on the fourth Monday in July, or as soon thereafter as practicable, to assess and levy this tax; and if from any cause it was not or could not be done on the fourth Monday in July, 1889, their duty remained to do so as soon thereafter as practicable, because the law so commanded; but when the law ceased to exist, their power in the premises ceased to exist also. There is nothing in this in conflict with the cases of *S. V. R. R. Co.* v. *Superrisors of Clarke Co.*, 78 Va. 269; *Prince George Co.* v. *A. M. & O. R. R. Co.*, *supra;* nor in the case of *N. & W. R. R. Co.* v. *Supervisors of Smyth Co.*, 87 Va. 521; nor in the case of *B. & O. R. R. Co.* v. *Koontz*, 77 Va. 698. These

cases are clearly right. There the assessment and levy was made under a law in full force and effect, and which had not been repealed. In this case the distinction is obvious. The board of supervisors of Pulaski county, at the time of the action complained of, had no lawful authority to act in the premises. So far as they had acted while the power remained in them, under the law, there is no objection taken, as in those cases. But the complaint here is not of their action under the law, but of their action without the authority of law, and, moreover, in direct contravention of the law; and at the time the act in question was done the law plainly described that such action should not be taken by them, because their authority extended to Dublin magisterial district, as one of the road-districts of Pulaski county, and on the 17th day of May, 1890, the corporate limits of the town of Pulaski had ceased to be part of that district by the law of the land. The circuit court of Pulaski county held otherwise, and its action in so holding and dissolving the injunction, and in dismissing the bill of the plaintiffs, was plainly erroneous, and must be reversed and annulled.

DECREE REVERSED.